# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARLOCHAN SINGH, et al., | Case No. 1:18-cv-01126-JLT-SAB |
| Plaintiffs, | ORDER ENTERING STIPULATED PROTECTIVE ORDER |
| v. | (ECF No. 42) |
| LIVINGSTON COMMUNITY HEALTH, et al., | |
| Defendants. | |

## STIPULATED PROTECTIVE ORDER

**1.     PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as

confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Local Rule 141 and Federal Rules of Civil Procedure §5.2 and 26 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

**2.     DEFINITIONS**

2.1     Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff and contractors).

2.2     Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3     "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under California Law.

2.4     "Highly Confidential – Attorneys' Eyes Only" Information or Items: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means. Current/former employee payroll and time records (including, but not limited to, contact information) shall not be deemed "Highly Confidential – Attorneys' Eyes Only."

2.5     Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6     Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7     Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential - Attorneys' Eyes Only."

2.8     Protected Material: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential - Attorneys' Eyes Only."

2.9.    Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10    House Counsel: attorneys who are employees of a Party.

2.11    Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs and contractors).

2.12    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium, mailhouse, claims administrator, etc.) and their employees and subcontractors.

**3.     SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted there from, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

**4.     DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

///

**5.     DESIGNATING PROTECTED MATERIAL**

5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" at the top of each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL - ATTORNEYS' EYES ONLY").

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY") at the top of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY").

(b)     for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party designating the testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY".  When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of

1 this Stipulated Protective Order.

2 Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," as instructed by the Party or nonparty making the confidentiality designation.

(c) for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential - Attorneys' Eyes Only."

5.3 Inadvertent Failures to Designate. If timely conceded, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" or "Highly Confidential Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1 Timing of Challenges. Unless a prompt challenge to a Designating Party' confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party. In conferring, the challenging Party

must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity and reasonable period of time to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

    6.3 Judicial Intervention.  After engaging in the meet and confer process and, if that process fails to resolve the dispute, the Designating Party may file and serve a motion with the Court that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.  All parties agree that this motion can be heard on shortened time.  The parties also agree to make all reasonable efforts to ensure that this motion is heard as quickly as the Court's calendar will allow, including, but not limited to, stipulating to having the motion heard on shortened time.

    The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

**7. ACCESS TO AND USE OF PROTECTED MATERIAL**

    7.1 Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may he disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.  This Order has no effect upon, and its scope shall not extend

to, any party's use or disclosure of its own confidential information for purposes not in any way related to this litigation..

   7.2  Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

   (a)  the Receiving Party's Outside Counsel of record in this action, as well as employees and agents of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

   (b)  the parties to this action;

   (c)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order"

   (d)  experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

   (e)  the Court and its personnel, subject to the provisions of Section 10 of this protective order;

   (f)  those present in the Courtroom during the trial of this matter, including all pre-trial and motion hearings, and during presentation/argument of this evidence unless the Court orders otherwise;

   (g)  court reporters and their staffs;

   (h)  professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order";

   (i)  deponents and/or witnesses to whom counsel for the parties believe in good faith it is necessary, for assistance in their representation in the above-captioned matter, to disclose specific documents, and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); <u>provided, however, that this execution requirement is waived</u> where an individual is given Confidential Information in the presence of opposing counsel on the record

while testifying as a deponent or in a court of law, so long as the Confidential Information is not retained by the individual after such testimony.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must he separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(j) the author of the document or the original source of the information; and

(k) any other person as to whom the parties in writing agree and who have signed the "Agreement to Be Bound by Protective Order."

7.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS` EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees and agents of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the parties to this action;

(c) House Counsel of a Receiving Party (1) who has no involvement in competitive decision-making or in patent prosecutions, (2) to whom disclosure is reasonably necessary for this litigation, and (3) who has signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4, below, have been followed;

(e) the Court and its personnel, subject to the provisions of Section 10 of this protective order;

(f) those present in the Courtroom during the trial of this matter,

9

including all pre-trial and motion hearings, and during presentation/argument of this evidence unless the Court orders otherwise;

    (g)  court reporters and their staffs;

    (h)  professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order";

    (i)  deponents and/or witnesses to whom counsel for the parties believe in good faith it is necessary, for assistance in their representation in the above-captioned matter, to disclose specific documents, and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); <u>provided, however, that this execution requirement is waived</u> where an individual is given Highly Confidential Information – Attorneys' Eyes Only in the presence of opposing counsel on the record while testifying as a deponent or in a court of law, so long as the Highly Confidential Information – Attorneys' Eyes Only is not retained by the individual after such testimony;

    (j)  the author of the document or the original source of the information; and

    (k)  any other person as to whom the parties in writing agree and who have signed the "Agreement to Be Bound by Protective Order."

  7.4  Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items to "Experts"

    (a)  Unless otherwise ordered by the Court or agreed in writing by the Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" first must send a letter to the Designating Party that (1) identifies the specific HIGHLY CONFIDENTIAL information that the Receiving Party seeks to disclose to the Expert, and (2) sets forth the full name of the Expert and the city and state of his or her primary residence.

    (b)  A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within seven (7) court days of delivering the request, the Party receives a written objection

from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party to try to resolve the matter by agreement. If no agreement is reached the Party seeking to make the disclosure may disclose the subject Protected Material to the identified Expert unless, within ten (10) court days of sending a written objection to the disclosure, the Designating Party files a motion with the Court seeking to prevent the disclosure to the identified expert. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the requested disclosure to the Expert should not be permitted, assess the risk of harm that the disclosure would entail and suggest any additional means that might be used to reduce that risk. In any such proceeding the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

**8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than five court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.
The purpose of imposing these duties is to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court in which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such

person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for any inadvertent disclosure of material protected by privilege or work product protection. In the event that any material covered by any applicable privilege, including the attorney-client privilege or work product protection, in inadvertently produced to the other party, a party may make a request for return of that information or document, which items shall be returned no later than 15 days of the date of the demand or the party in possession of said information or document shall file a motion seeking to have it adjudicated whether or not the document is subject to the asserted privilege or work product production. Furthermore, this stipulation and protective order in no way waives the parties' rights to use the "clawback procedure" provided for in Code of Civil Procedure §2031.285, which specifically allows for the handling of the inadvertent production of attorney-client privileged or attorney work product documents in large volumes of electronically-stored information.

**10.     FILING PROTECTED MATERIAL**

All Protected Materials filed with the Court, and any pleadings, motions or other papers disclosing any Protected Materials shall be filed or lodged under seal consistent with Local Rule 141 and Federal Rules of Civil Procedure §5.2 and 26. Only portions of filings with the Court containing Protected Materials need be filed under seal. The parties agree to cooperate with each other in a good faith attempt to file the Protected Materials under seal, but

12

will not be precluded from filing documents containing Protected Materials in the ordinary course after a good faith effort to file the document under seal is denied by the Court. To the extent that filing under seal is not permitted by the Court, no party will file any Protected Materials with the Court without providing at least 5 court days advance notice to the other parties.

**11. FINAL DISPOSITION.**

Within 45 days of termination of this case, counsel for the parties shall assemble and return to each other all documents, material and deposition transcripts designated as "Confidential" information and "Highly Confidential" information and all copies of same in their possession or the possession of their employees and/or agents, as well as all documents created, produced, reproduced, and any notes, transcripts or other written documents derived from "Confidential" and "Highly Confidential" documents or containing information derived from such "Confidential" and "Highly Confidential" documents, or shall certify the destruction thereof, with certification and notice sent to counsel for opposing parties. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

**12. MISCELLANEOUS**

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future or to compel discovery or seek sanctions from the Court.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3. If any term of this Stipulation and Order conflicts with the requirements set

13

forth in Local Rule 141 and Federal Rules of Civil Procedure §5.2 and 26, the terms of those Rules of Court shall supersede the terms of this Stipulation and Order.

**EXHIBIT A**

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____

_____ [print or type full address and/or name of company], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the U.S. District Court, Eastern District of California in the case of *Tarlochan Singh, DDS, et al. v. Livingston Community Health,* U.S. District Court, Eastern District of California Case No. 1:18-cv-1126-NONE-SAB.

I agree to be bound by the Stipulation and Protective Order and will not reveal the "Confidential" or "Highly Confidential" Information to anyone, except as allowed by the Stipulation and Protective Order.  I will maintain all such "Confidential" and "Highly Confidential" Information -- including copies, notes, or other transcriptions; made there from -- in a secure manner to prevent unauthorized access to it.  No later than thirty (45) days after the conclusion of this action, including any and all appeals, I will return the Confidential and Highly Confidential Information -- including copies, notes, or other transcriptions made there from -- to the counsel who provided me with the information.

I further agree to submit to the jurisdiction of the U.S District Court, Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

Printed Name: _____

Signature: _____

///

## **COURT ORDER ENTERING STIPULATED PROTECTIVE ORDER**

Pursuant to the stipulation of the parties and good cause appearing, IT IS HEREBY ORDERED that:

1. The above stipulated protective order is ENTERED;

2. The parties are advised that pursuant to the Local Rules of the United States District Court, Eastern District of California, any documents which are to be filed under seal will require a written request which complies with Local Rule 141;

3. The party making a request to file documents under seal shall be required to show either good cause or compelling reasons to seal the documents, depending on the type of filing, Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 677–78 (9th Cir. 2009); Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1101 (9th Cir. 2016); and

4. If a party's request to file Protected Material under seal is denied by the Court, then the previously filed material shall be immediately accepted by the court and become information in the public record and the information will be deemed filed as of the date that the request to file the Protected Information under seal was made.

IT IS SO ORDERED.

Dated:  **May 10, 2022**

UNITED STATES MAGISTRATE JUDGE