# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARLOCHAN SINGH, et al., | Case No. 18-cv-01126-JLT-SAB |
| Plaintiffs, | ORDER DENYING STIPULATED MOTION TO MODIFY THE SCHEDULING ORDER |
| v. | (ECF Nos. 52, 53) |
| LIVINGSTON COMMUNITY HEALTH, et al., | |
| Defendants. | |

**I.**

**INTRODUCTION**

On March 4, 2021, a scheduling order issued (ECF No. 38), which has been modified twice by stipulation of the parties, on December 9, 2022 and June 5, 2023 (ECF Nos. 44, 45, 46, 47, 48, 49). The operative modified scheduling order contains the following deadlines:

1. Non-Expert Discovery Deadline: **September 1, 2023**;
2. Expert Disclosure Deadline: **September 15, 2023**;
3. Supplemental Expert Disclosure Deadline: **September 29, 2023;**
4. Expert Discovery Deadline: **November 3, 2023**;
5. Dispositive Motion Filing Deadline: **April 10, 2024**; and
6. Pretrial Conference: September 23, 2024, at 1:30 p.m., in Courtroom 4.

1

(ECF No. 49.)[1] The Court advised the parties that "[n]o further extensions will be granted unless the pretrial hearing is changed by the district judge." (ECF No. 49.)

On August 2, 2024, the District Judge continued the pretrial conference to **November 4, 2024**. (ECF No. 51.) Currently before the Court is the parties' third stipulation to amend the scheduling order deadlines, which the Court construes as a stipulated motion to modify the scheduling order. (ECF Nos. 52, 53.)

## II.

## LEGAL STANDARDS

This Court generally has significant discretion and authority to control the conduct of discovery. Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988). Federal Rule of Civil Procedure 16(b) provides that the district court must issue a scheduling order that limits "the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

The "good cause" standard "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of that order. Id. The prejudice to other parties, if any, may be considered, but the focus is on the moving party's reason for seeking the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end, and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (citing Mammoth Recreations, 975 F.2d 604 at 609). "Relevant inquiries [into diligence] include: whether the movant was diligent in helping the court to create a workable Rule 16 order; whether matters that were not, and could not have been, foreseeable at the time of the scheduling

---

[1] In its order granting the parties' second amended scheduling order, the Court erroneously noted that no trial date had been set. (ECF No. 49.) However, the Court set a trial for August 20, 2024 in the first modified scheduling order. (ECF No. 46 at 2.) On June 6, 2023, the District Judge continued the trial to its current date, January 7, 2025. (ECF No. 50.)

2

conference caused the need for amendment; and whether the movant was diligent in seeking amendment once the need to amend became apparent." United States ex rel. Terry v. Wasatch Advantage Grp., LLC, 327 F.R.D. 395, 404 (E.D. Cal. 2018) (internal quotation marks and citation omitted) (alteration in original).

## III.

## DISCUSSION

On August 2, 2024, the parties filed the instant stipulation to modify all dates in the scheduling order as follows: extend non-expert discovery deadline from September 1, 2023 to December 31, 2024; expert disclosure deadline from September 15, 2023 to January 13, 2025; supplemental expert disclosures from September 29, 2023 to January 21, 2025; expert discovery deadline from November 3, 2023 to February 3, 2025; dispositive motion filing deadline from April 10, 2024 to May 12, 2025; the pretrial conference from November 4, 2024 to September 22, 2025; and trial from January 7, 2025 to a date to be determined by the Court. (ECF No. 52 at 2.)

The parties proffer that the purpose of the motion is to allow the parties to continue to work through various discovery issues including locating documents, witnesses, contractors, and employees of Defendant with pertinent information regarding this case. (ECF No. 53 at 2.) The parties note that Defendant is a federally qualified health care center that was impacted greatly during the COVID pandemic, which resulted in the shuttering of the dental department and the layoff of essentially all dental employees. (Id. at 2-3.) Defendant has been delayed in recovering its documents, locating former employees, and gathering other information potentially responsive to the Plaintiffs' discovery requests as well as locating individuals who have potentially relevant knowledge to respond to questions at depositions. (Id. at 3.) The parties proffer that Defendant is currently providing dental services and now has individuals who can assist in the location, review, and production of documents relating to Defendants' dental operations. (Id.) Additionally, counsel for the parties have had a substantial backlog of cases and trials. (Id.) The parties proffer the culmination of the above has caused substantial delays in fully participating in discovery, locating former employees, and locating and retaining expert witnesses. (Id.)

The parties also assure the Court they plan to complete the depositions of Plaintiffs, and

3

Defendant's chief executive officer, operations director, human resources director, and other current and former employees in the coming weeks. (Id.) The parties proffer the completion of the depositions are necessary in order for the parties to adequately assess their respective cases and designate experts. (Id.)

### A. The Court Denies the Parties' Stipulation to Reopen Discovery

It is "significant" when a party is seeking a "retroactive reopening" of discovery rather than extending the discovery deadline. W. Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1524 (9th Cir. 1990). "The difference [between the two types of requests] is considerable" because "a request for an extension acknowledges the importance of a deadline, [while] a retroactive request suggests that the party paid no attention at all to the deadline." Id. When ruling on a motion to amend a Rule 16 scheduling order to reopen discovery, the Court is to "consider the following factors: 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence." City of Pomona v. SQM N. Am. Corp., 866 F.3d 1060, 1066 (9th Cir. 2017).

All discovery deadlines in this action expired between September 1, 2023 and November 3, 2023. (ECF No. 49.) On August 2, 2024, nearly a year after non-expert discovery closed, the parties filed the instant stipulated motion to extend each expired deadline by approximately fifteen months. The parties therefore request that the Court sanction the parties' retroactive reopening of non-expert and expert discovery to allow the parties to recover documents, locate witnesses, gather information responsive to discovery requests, and depose Plaintiffs and Defendant's "high level employees," and other current and former employees. (ECF No. 53 at 3.) Upon consideration of the legal standards and the parties' proffered reasons for good cause, the Court shall deny the parties' motion to retroactively reopen discovery.

The Court finds that the parties have not demonstrated that even with the exercise of due diligence, they could not meet the requirements of the modified scheduling order. See Mammoth

Recreations, 975 F.2d at 609 (explaining that "good cause" means scheduling deadlines cannot be met despite the party's diligence). As an initial matter, the parties do not acknowledge that the discovery deadlines expired nine to eleven months prior to the filing of the instant motion, nor do they proffer any reason for the extraordinary delay in moving for modification of the scheduling order.

The Court notes that the proffered challenges caused by the COVID pandemic, the amount of discovery required in this action, the difficulties created by the closure of Defendant's dental department,[2] and each counsel's backlog of cases were the bases for the parties' previous stipulations to modify the scheduling order. Illustratively, on December 9, 2022, the Court granted the parties' first stipulated motion, noting:

> The parties request the discovery deadlines, dispositive motion filing deadline, and pretrial conference be extended for a period of approximately six months due to significant delays related to COVID-19. Although the Court has seen COVID-19 utilized as an insufficient general proffer in other actions, counsel has submitted a declaration explaining in detail why the impact of the pandemic was particularly substantial to the discovery in this action pertaining to Defendant Livingston Community Health.

(ECF No. 46 at 1.) Further, in its June 5, 2023 order granting the parties' second stipulation to modify the scheduling order, the Court detailed that:

> The parties proffer they have been diligent in exchanging written discovery and continue to meet in confer. (ECF No. 48.) In addition, the parties proffer Defendant is a federally qualified health care center that was impacted greatly during the COVID pandemic, laid off most of its employees and providers in its dental department, shuttered its dental operations, and only within the past 12 months has begun providing dental services again and having qualified individuals who could assist in the review and production of documents relating to Defendants' dental operations. Delays in discovery have therefore resulted. In addition, defense counsel is unavailable for two weeks because he will be on a long-scheduled, prepaid, preplanned vacation celebrating his 40th wedding anniversary; his schedule was recently impacted due to cases scheduled post-pandemic, including a jury trial, "all consuming discovery and preparation for three arbitration hearings" that are scheduled to be conducted in June through August 2023; and he is scheduled to be out of state on a pending federal court matter in

---

[2] The Court notes that Defendant's dental department re-opened approximately twelve months *prior* to June 5, 2023 and Defendant noted then that it "[had] qualified individuals who could assist in the review and production of documents relating to Defendants' dental operations." (ECF No. 48 at 2.)

> Iowa for an extended period of time. Plaintiffs' counsel, meanwhile, is currently in trial preparations for a case that is unlikely to settle and is therefore unavailable to schedule depositions in this matter for a period of time.

(ECF No. 49 at 1-2.)

The Court recognizes it has granted the parties' previous motions to modify the scheduling order for the same reasons that are proffered in the instant motion. However, the parties' previous stipulations demonstrated that even with the exercise of due diligence, they could not meet *future* discovery deadlines.[3] Here, the parties request that the Court retroactively reopen discovery nine to eleven months *after* the cutoff dates without any acknowledgement or explanation for the motion's untimeliness. The Court does not independently find good cause to grant a *nunc pro tunc* extension of the discovery deadlines.

While this is a stipulated motion and there is no demonstration of prejudice to any party, the parties have not demonstrated diligence in adhering to the guidelines established by the Court in the June 5, 2023 modified scheduling order. See City of Pomona, 866 F.3d at 1066. Although there may be additional relevant discovery to be uncovered—especially given the fact that the parties do not appear to have taken any "necessary" depositions in this action, including those of the named parties—the foreseeability of the need for such discovery was clearly present at earlier points in this litigation. See id. The Court cannot find that the parties were diligent in obtaining discovery within the guidelines established by the Court.[4]

In its June 5, 2023 order granting the parties' second stipulated motion to modify the scheduling order, the Court advised the parties that no further changes to the scheduling order would be granted unless the pretrial hearing is changed by the District Judge. (ECF No. 49.) On

---

[3] The Court notes the parties' filed their first stipulated motion for modification of the scheduling order three days after non-expert discovery had closed. (ECF No. 46.) However, the Court granted a *nunc pro tunc* extension of time given the deadline had only recently expired "and because this is the first modification to the scheduling order." (Id.)

[4] "In these days of heavy caseloads, trial courts in both the federal and state systems routinely set schedules and establish deadlines to foster the efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines. Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders, and that failure to do so may properly support severe sanctions and exclusions of evidence." Wong v. Regents of Univ. of California, 410 F.3d 1052, 1060 (9th Cir. 2005), superseded on other grounds by statute.

1    August 2, 2024, the same day the parties filed the instant motion, the District Judge continued the
2    pretrial conference six weeks due to the unavailability of the court. (ECF No. 51.) Critically, the
3    short continuance of the pretrial conference was not issued until months *after* all discovery
4    deadlines had expired. The Court does not find that six week continuance of the pretrial
5    conference requires the retroactive reopening of discovery.

6    The parties represent that they have "continu[ed] to meet and confer in cooperation" and
7    have agreed to a "plan to complete the depositions of Plaintiffs, as well as [Defendants'] high
8    level employees…along with other current and former employees within the coming weeks."
9    (ECF No. 38 at 3.) The Court notes that the parties may agree to conduct discovery after the
10   expiration of the discovery deadlines. However, they must do so without judicial enforcement, as
11   any motion to compel or other discovery motion made to the Court after the cutoff "may result in
12   denial of the motion as untimely." (See ECF No. 15 at 3.)

13   For the foregoing reasons, the Court shall deny the parties' stipulated motion to reopen non-
14   expert and expert discovery.

### B. The Court Denies the Stipulation to Reopen the Dispositive Motion Deadline and Continue the Pretrial Conference and Trial

17   The last day to file dispositive motions in this action was April 10, 2024. (ECF No. 46.) In
18   the instant stipulated motion, the parties request the deadline be extended to May 12, 2025 to
19   conform with the requested extensions to the discovery deadlines. (ECF No. 52 at 2.) For the
20   same reasons previously discussed, the Court finds good cause does not exist to retroactively
21   reopen the deadline to file dispositive motions. Accordingly, the Court shall deny the parties'
22   stipulated motion to reopen the dispositive motion deadline.

23   The parties further stipulate to move the pre-trial conference from November 4, 2024 to
24   September 22, 2025 and the trial from January 7, 2025 to a date to be determined by the Court.
25   (Id.) Because the Court denies the stipulated motion to reopen the discovery and dispositive
26   motion deadlines, the Court does not find good cause exists to continue the pretrial conference or
27   trial. Accordingly, the pretrial conference in this matter shall remain as currently set on
28   **November 4, 2024 at 1:30 p.m. in Courtroom 4 before District Judge Jennifer L. Thurston**

and the trial shall remain as currently set on **January 7, 2025 at 10:00 a.m. in Courtroom 4 before District Judge Jennifer L. Thurston**.

## IV.
## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that the parties' third stipulated motion to modify the scheduling order (ECF No. 52) is DENIED.

IT IS SO ORDERED.

Dated:   **August 6, 2024**

UNITED STATES MAGISTRATE JUDGE